UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMHAL TALIB ABDULLAH BEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. BUDREAU.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 22-11990-DJC<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**CASPER, J.**                                                                                                                                                                              **February 17, 2023**

On November 14, 2022, Jamhal Talib Abdullah Bey ("Bey"), a resident of Pawtucket, Rhode Island, initiated this action by filing a *pro se* complaint against the Massachusetts state court judge presiding over his criminal case, Commonwealth v. Bey, 2181CR00361. D. 1. Although Bey did not file a separate motion for leave to proceed *in forma pauperis*, in the body of the complaint he requests leave to proceed *in forma pauperis*. Id. at 11.

Bey submits his complaint on the preprinted form (complaint and request for injunction) provided by the Administrative Office of the United States Courts. Dkt. 1. Bey checked the box indicating "federal question" jurisdiction. Id. at ¶ II (basis for jurisdiction). Bey alleges that his motion to suppress in his state case was denied on June 16, 2022 and that his appeal was filed with the Supreme Judicial Court on September 30, 2022. Id. at ¶ III(A), but was rejected as an interlocutory appeal given the pendency of his case in the trial court. Id. at 1. In support of his request for injunctive relief, Bey contends that "the 4th amendment was clearly violated and there would be no need for a trial [if the motion to suppress was granted]." Id. at ¶ IV (irreparable

injury). Bey "ask[s] that the Courts read all the filings [Bey] made in regards to the motions, specifically the motion to suppress, read the court[']s reason to deny it and review the video footage and reverse the court[s] decision based on case law, the facts and the video footage, with the proper context of probably cause and reasonable suspicion, not based on hindsight." Id. at ¶ IV (relief). Attached to the complaint is Bey's affidavit, and 90 pages of state court documents. Id.; D. 1-1.

As to the request to proceed without prepayment of fees, Bey has not provided sufficient financial information to determine whether he is eligible to proceed *in forma pauperis*. Although the filing fee has not been resolved, a court has inherent power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. See Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 307-308 (1989) (noting *in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"). As used in this context, the term "frivolous" refers to, among other things, a claim that "lacks an arguable basis either in law or fact" or a claim "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

In essence, Bey asks this Court to reverse a state court ruling in an ongoing, criminal case. The Court may take judicial notice of Bey's criminal action in the Middlesex Superior Court: Commonwealth v. Jamal Tavon Sanders Latimer a/k/a Jamhal Talib Abdullah Bey, 2181CR00361.[1] "[F]ederal courts have long recognized 'the fundamental policy against federal

---

[1] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014); see also United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005). The Court also notes that Bey has attached numerous filings from this state criminal case to his complaint. See D. 1-2.

interference with state criminal proceedings.'" In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Congress has repeatedly expressed the principle that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." Id. at 16. Under the principles of Younger abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," id. at 17, as long as the federal claims can be "raised and resolved somewhere in the state process" Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004).

Here, the Court would needlessly interfere in the pending state criminal proceeding against Bey if it were to address the merits of his claim. The Court has no reason to believe that Bey does not have an opportunity to raise all pertinent issues within the state court system, even if they are not resolved in the manner he wishes. Because Bey seeks to have this Court review the state court criminal proceedings, including the denial of his motion to suppress, such review is barred by the Younger abstention doctrine.

To the extent Bey brings suit against the state court judge that presided over his underlying criminal case, for solely judicial acts, the judicial officer is entitled to judicial immunity. The doctrine of judicial immunity establishes the absolute immunity of judges from damages for actions taken as part of their judicial (as opposed to executive or administrative) functions that are within their jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); see Pierson v. Ray, 286 U.S. 547, 554 (1967).

Even with a generous reading of the complaint because Bey is proceeding *pro se*, Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004), the claims in the complaint are subject to dismissal for at least the aforementioned reasons. Considering the nature of Bey's claims, the

Court finds that amendment would be futile. <u>U.S. ex rel. Gagne v. City of Worcester</u>, 565 F.3d 40, 48 (1st Cir. 2009) (citing cases).

    For the foregoing reasons, this action is DISMISSED.

    **SO ORDERED.**

                                            <u>/s Denise J. Casper</u>
                                            Denise J. Casper
                                            United States District Judge